On petitioner Blachana, LLC's petition for reconsideration filed October 7, reconsideration allowed, former opinion (273 Or App 806, 359 P3d 574) modified and adhered to as modified November 25, 2015

BLACHANA, LLC,
dba Twilight Room Annex,
aka The P Club; and
Christopher Penner,
*Petitioners,*

*v.*

OREGON BUREAU OF
LABOR AND INDUSTRIES,
*Respondent.*

Oregon Bureau of Labor and Industries
2513; A155228

362 P3d 1210

Jonathan M. Radmacher and McEwen Gisvold LLP, for petition.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

PER CURIAM

**PER CURIAM**

Blachana, LLC, one of the respondents below, has petitioned for reconsideration of our opinion in *Blachana, LLC v. BOLI*, 273 Or App 806, 359 P3d 574 (2015), pointing out that we erroneously stated that respondents did not challenge Oregon Bureau of Labor and Industries' (BOLI) findings of fact and requesting that, based upon that challenge, we reverse on the merits. Blachana also requests that we reconsider our decision not to address respondent's second assignment of error as insufficiently developed for our review.

We agree that we incorrectly stated that respondents did not challenge BOLI's factual findings. Accordingly, we modify our opinion to delete the following sentence: "Because respondents do not challenge BOLI's findings of fact, those findings are the facts for purposes of judicial review." 273 Or App at 809. In the same place, we insert the following: "With one exception, noted below, 273 Or App at 816 n 8, respondents do not challenge BOLI's findings of fact. Accordingly, those findings are the facts for purposes of judicial review." We delete the text of footnote 8 and replace it with the following:

> "In their reply brief, respondents argue, for the first time, that we should reject one of BOLI's factual findings, namely, BOLI's finding that Penner's testimony was 'disingenuous' with regard to his intention in leaving the voicemails. Instead, respondents contend, we should defer to the ALJ's finding that Penner was credible except as to his statements related to the purported decline in sales on Friday nights. Because respondents could have raised that matter in their opening brief but failed to do so, it was not properly presented for our consideration. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error * * * is assigned as error in the opening brief * * *.").

> "In all events, we note that the modification of the facts that respondents identify has no effect on our reasoning. The finding on which our rejection of respondents' argument is based—that 'Penner's request for the T-Girls "not to come back" on Friday nights' was 'a statement that they were not welcome at the P Club on Friday nights'—was originally

made by the ALJ and was adopted without modification by BOLI. As explained in the text, it necessarily follows from that finding that Penner had, and communicated, an intent to exclude the T-Girls on Friday nights. Thus, on this issue, the ALJ's finding as to the meaning of the statement superseded the ALJ's finding that Penner's testimony was generally credible. Accordingly, the purported error would be immaterial to our analysis and disposition."

We adhere to our conclusion regarding the development of the second assignment of error.

Reconsideration allowed; former opinion modified and adhered to as modified.